# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

RIGHTSIDE INVESTMENTS, LLC.    §
d/b/a RIGHTSIDE DESIGN and     §
LYNN MCKERNAN                  §         No. _____
                               §
    **Plaintiffs,**            §
                               §
    **v.**                     §         <u>**JURY TRIAL DEMANDED**</u>
                               §
SEASON'S DESIGNS              §
INTERNATIONAL, LTD. and       §
GARRY M. DAVIS                §
                               §
    **Defendants.**            §

## ORIGINAL COMPLAINT

Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan (hereinafter jointly and collectively "Rightside" or "Plaintiffs"), by and through their undersigned counsel, hereby file this Original Complaint requesting injunctive relief and damages, and upon personal knowledge as to their own acts and circumstances, and upon information and belief as to the acts and circumstances of others, allege as follows:

## NATURE OF ACTION AND CLAIMS

1.    This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2.    This is an action for copyright infringement arising out of the U.S. Copyright Laws. This Court has jurisdiction over this copyright infringement claim pursuant to 28 U.S.C. § 1338(a).

3.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) because Defendants may be found in this Judicial District, have a regular and established place of

business in this Judicial District and have committed acts of infringement in this Judicial District, and Defendant Garry Davis is domiciled and resides in this Judicial District.

## PARTIES

4.      Plaintiff Rightside Investments, LLC d/b/a Rightside Design is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1 Hunters Run Drive, Landenberg, Pennsylvania 19350. Plaintiff is a well-known home decor design and manufacturing company that sells its unique textile products both in retail stores throughout the United States, certain catalogs and online.

5.      Plaintiff Lynn McKernan is an individual with a domicile of Pennsylvania and a residence of 1 Hunters Run Drive, Landenberg, Pennsylvania 19350. Plaintiff Lynn McKernan is the principal of Rightside Design and the owner of a number of copyright registrations in and to the designs which are the subject of this lawsuit.

6.      On information and belief, Defendant Season's Designs International, Ltd. (hereinafter "Season's Designs") is a limited liability company organized under the laws of the State of North Carolina with a principal place of business located at 18605 Northline Drive, Suite J17-18, Cornelius, North Carolina 28031 and is doing business in this jurisdiction.

7.      Upon information and belief, Defendant Season's Designs is a large retailer and distributor of home ware products throughout the United States.

8.      On information and belief, Defendant Garry M. Davis ("Garry Davis") is an individual residing in North Carolina with an address of 18822 River Wind Lane, Davidson, North Carolina 28036, and is domiciled in this jurisdiction.

9.      On information and belief, Defendant Garry Davis is the President of Season's Designs International, Ltd.

2

10. Upon information and belief, Garry Davis is a conscious, dominant and active force behind the wrongful acts of Season's Designs International, Ltd. complained of herein, which wrongful acts he has engaged in for the benefit of Season's Designs International, Ltd. and for his own individual benefit and gain.

11. Upon information and belief, Defendant Garry Davis is the driving force behind the infringing acts of Season's Designs International, Ltd. and unreservedly and knowingly participated in the infringing acts of Season's Designs International, Ltd.

12. Garry Davis is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

## FACTUAL BACKGROUND

13. Rightside is a company in the home decor industry that creates unique works of art on textile products, including table runners, pillows, kitchen towels, and tableware, as well as on other home décor, accessory and gift products.

14. Rightside and Lynn McKernan have been designing, manufacturing and selling unique textile products for over five years.

15. All of Rightside's and Lynn McKernan's products are uniquely designed and handmade.

16. All of Rightside's and Lynn McKernan's artful pillows and textile products are designed, filled and finished in the United States.

17. Rightside and Lynn McKernan have spent an enormous amount of time, effort and resources in developing the Rightside products, designing artwork and establishing goodwill in the home décor industry.

3

18.    Rightside and Lynn McKernan have built up considerable goodwill in carefully and deliberately creating unique designs and in manufacturing quality, artful products.

## THE RIGHTSIDE DESIGNS

19.    In 2009 and 2010, Rightside and Lynn McKernan created a line of unique textile designs with a sea life theme on pillows ("Rightside Coastal Pillow Line").  Rightside and Lynn McKernan spent a significant amount of time in designing and creating this textile design line.

20.    In 2009, Rightside and Lynn McKernan created a three-dimensional jellyfish pillow design ("Jellyfish Pillow") and first offered the Jellyfish Pillow for sale on January 9, 2010.

21.    Lynn McKernan, d/b/a Rightside Design, obtained a United States copyright registration for the Jellyfish Pillow on January 20, 2010.  A copy of the copyright registration for the Jellyfish Pillow design, U.S. Copyright Registration No. VAu 1-012-053, and the corresponding deposit material are attached as **Exhibit A**.

22.    In 2009, Rightside and Lynn McKernan created a tri-fish pillow design ("Three Little Fish Pillow") and first offered the Three Little Fish Pillow for sale on January 9, 2010.

23.    Lynn McKernan d/b/a Rightside Design, obtained a United States copyright registration for the Three Little Fish Pillow on January 6, 2010.  A copy of the copyright registration for the Three Little Fish Pillow design, U.S. Copyright Registration No. VAu 1-010-516, and the corresponding deposit material are attached as **Exhibit B**.

24.    In 2009, Rightside created a blue crab in seagrass pillow design ("Blue Crab Embroidered and Beaded Pillow with Seagrass") and first offered the Blue Crab Embroidered and Beaded Pillow with Seagrass for sale on January 9, 2010.

25.     Rightside obtained a United States copyright registration for its Blue Crab Embroidered and Beaded Pillow with Seagrass on February 3, 2012. A copy of the copyright registration for the Blue Crab Embroidered and Beaded Pillow with Seagrass design, U.S. Copyright Registration No. VA 1-804-192, and the corresponding deposit material are attached as **Exhibit C**.

26.     In 2009, Rightside created a starfish pillow design ("Starfish Pillow") and first offered the Starfish Pillow for sale on January 9, 2010.

27.     Rightside obtained a United States copyright registration for its Starfish Pillow on February 7, 2012. A copy of the copyright registration for the Starfish Pillow design, U.S. Copyright Registration No. VA 1-804-111, and the corresponding deposit material are attached as **Exhibit D**.

28.     In 2009, Rightside created two fish pillow designs ("Sea-ing Eye to Eye Embroidered Fish Pillows") and first offered the Sea-ing Eye to Eye Embroidered Fish Pillows for sale on January 9, 2010.

29.     Rightside obtained a United States copyright registration for its Sea-ing Eye to Eye Embroidered Fish Pillows on February 7, 2012. A copy of the copyright registration for the Sea-ing Eye to Eye Embroidered Fish Pillows, U.S. Copyright Registration No. VA 1-804-114, and the corresponding deposit material are attached as **Exhibit E**.

30.     In 2010, Rightside created a lobster pillow design ("Lobster is King Pillow") and first offered the Lobster is King Pillow for sale on January 8, 2011.

31.     Rightside obtained a United States copyright registration for its Lobster is King Pillow on November 30, 2010. A copy of the copyright registration for the Lobster is King

Pillow design, U.S. Copyright Registration No. VA 1-750-774, and the corresponding deposit material are attached as **Exhibit F**.

32.     In 2010, Rightside created a turtle pillow design ("Turtle of the Sea Pillow") and first offered the Turtle of the Sea Pillow for sale on June 1, 2010.

33.     Rightside obtained a United States copyright registration for its Turtle of the Sea Pillow on June 30, 2010.  A copy of the copyright registration for the Turtle of the Sea Pillow design, U.S. Copyright Registration No. VA 1-728-503, and the corresponding deposit material are attached as **Exhibit G.**

34.     In 2010, Rightside created a heron pillow design ("Great Blue Heron Pillow") and first offered the Great Blue Heron Pillow for sale on January 8, 2011.

35.     Rightside obtained a United States copyright registration for its Great Blue Heron Pillow on December 1, 2010.  A copy of the copyright registration for the Great Blue Heron Pillow design, U.S. Copyright Registration No. VA 1-750-952, and the corresponding deposit material are attached as **Exhibit H**.

36.     In 2010, Rightside created its "King of the Chesapeake" Pillow design ("King of the Chesapeake Pillow") and first offered the King of the Chesapeake Pillow for sale on January 8, 2011.

37.     Rightside obtained a United States copyright registration for its King of the Chesapeake Pillow on December 1, 2010.  A copy of the copyright registration for the King of the Chesapeake Pillow, U.S. Copyright Registration No. VA 1-750-799, and the corresponding deposit material are attached as **Exhibit I**.

6

38.    In 2009, Rightside created its "Pinch Me I'm Dreaming Crab" Pillow design ("Pinch Me Crab Pillow") and first offered the Pinch Me Crab Pillow for sale on January 9, 2010.

39.    Rightside obtained a United States copyright registration for its Pinch Me Crab Pillow on February 7, 2012. A copy of the copyright registration for the Pinch Me Crab Pillow, U.S. Copyright Registration No. VA 1-804-112, and the corresponding deposit material are attached as **Exhibit J**.

## SEASON'S DESIGNS INFRINGING ACTS

40.    On or about July 10, 2011, Rightside attended the Atlanta International Gift and Home Furnishings Market at AmericasMarket in Atlanta, Georgia ("Atlanta July 2011 Show") to market and sell its products, including the pillows in the Rightside Coastal Pillow Line.

41.    On or about July 10, 2011, Ann K. Davis, Garry Davis' wife ("Ann Davis") visited Rightside's booth at the Atlanta July 2011 Show and informed Lynn McKernan that she was associated with a company called Ann Scott Ltd.

42.    Ann Davis ordered two pillows of each of the twelve design from the Rightside Coastal Pillow Line, for a total of 24 pillows at the Atlanta July 2011 Show.

43.    Ann Davis provided a credit card as payment for the order, such credit card being in the name of Garry Davis. A copy of the order form containing the requested product order ("Order Form"), and the names of the pillows ordered, is attached as **Exhibit K**.

44.    Rightside shipped the pillows as requested in the Order Form to "Ann Scott Ltd., Garry Davis, 18822 River Wind Lane, Davidson, NC 28036" on or about August 17, 2011.

45.    On or about January 31, 2012, and after attending the Atlanta International Gift and Home Furnishings Market at AmericasMarket in Atlanta, Georgia ("Atlanta January 2012

7

Show"), Lynn McKernan was contacted by one of her sales representatives who stated that two of his larger customers had placed an order with Season's Designs at the Atlanta January 2012 Show for a number of pillows that were virtually identical to the Rightside Coastal Pillow Line.

46. In early February 2012, Lynn McKernan discovered that Season's Designs was selling at least eleven pillow designs that were identical to the Rightside Coastal Pillow Line, including Rightside's Jellyfish Pillow, Three Little Fish Pillow, Blue Crab Embroidered and Beaded Pillow with Seagrass, Starfish Pillow, Sea-ing Eye to Eye Embroidered Fish Pillows, Lobster is King Pillow, Turtle of the Sea Pillow, Great Blue Heron Pillow, King of the Chesapeake Pillow and the Pinch Me Crab Pillow (collectively, "SD Infringing Product Line"). Season's Designs blatantly misappropriated the entire Rightside Coastal Pillow Line.

47. In early February 2012, Lynn McKernan also discovered that a number of Rightside's customers and potential customers had purchased items from the SD Infringing Product Line, and Lynn McKernan was compelled to inform her customers of the existence of the SD Infringing Product Line, and to request that they keep their eyes out for any further infringing products.

48. On February 10, 2012, Rightside, through its counsel at the time, sent a cease and desist letter to Season's Designs, containing Rightside's and Lynn McKernan's U.S. copyright registrations for the Rightside Coastal Pillow Line, informing Season's Designs of Rightside's and Lynn McKernan's rights in and to Rightside Coastal Pillow Line.

49. Rightside also included in its letter that, among other things, Season's Designs cease all advertisement, promotion, manufacture, sale and distribution of the SD Infringing Pillow Line, provide for the destruction of any remaining inventory of the SD Infringing Pillow

8

Line, and account for any and all sales of the SD Infringing Pillow Line. A copy of the February 10, 2012 cease and desist letter sent to attached as **Exhibit L**.

50.     Garry Davis responded to Rightside's cease and desist letter on February 14, 2012 via email by stating, "We are in receipt of your documentation and have already removed the similar items from our showrooms and web site. These items had already been dropped due to poor reception at the January shows." A copy of Garry Davis' email correspondence is attached as **Exhibit M**.

51.     Rightside's legal counsel at the time responded to Garry Davis' email on February 14, 2012, thanking Mr. Davis for confirmation that the infringing items had been removed from the Season's Designs' showroom and website, informing Mr. Davis that one infringing pillow still remained on the website and demanding that it be removed, and requesting confirmation that Season's Designs would be immediately complying with the remainder of Rightside's demands. A copy of Rightside's counsel's response email to Garry Davis is attached as **Exhibit N**.

52.     Neither Garry Davis nor any other Season's Designs' officer or employee responded to Rightside's legal counsel's email of February 14, 2012 or cooperated with Rightside's demands in its February 10, 2012 cease and desist letter.

53.     Rightside determined not to pursue the matter, as it had provided Season's Designs with notification of its rights, and Season's Designs had given its assurances that it was no longer carrying the SD Infringing Pillow Line.

54.     On or about July 10, 2013, Rightside attended the Atlanta International Gift and Home Furnishings Market at AmericasMarket in Atlanta, Georgia ("Atlanta July 2013 Show") to market and sell its products.

55. On or about July 12, 2013, Lynn McKernan was approached in her booth at the Atlanta July 2013 Show by Mary Barzolski of Mary B Decorative Art, a retail homeware company. Ms. Barzolski asked Lynn McKernan whether Rightside was the original designer of the Rightside Coastal Pillow Line, and informed Lynn McKernan that she had just purchased pillows from Season's Designs that were strikingly similar to the Rightside Coastal Pillow Line.

56. Lynn McKernan responded to Mary Barzolski that the Rightside Coastal Pillow Line was designed and owned by Rightside, and further informed Ms. Barzolski that Season's Designs did not have the right to sell the SD Infringing Pillow Line, that Season's Designs had violated U.S. Copyright Laws, and that Season's Designs had been ordered to cease all sales of the SD Infringing Pillow Line.

57. Between August 2013 and January 2014, Lynn McKernan policed the internet for any items from the SD Infringing Pillow Line, but was unable to discover any infringing products.

58. Lynn McKernan was unable to determine whether Season's Designs was selling the SD Infringing Pillow Line on their website, www.seasonsdesigns.com, because the Season's Design's website required a username and password to enter the site to view the Season's Designs products and product lines, such username and password available to registered retail customers only.

59. On or about February 8, 2014, Lynn McKernan discovered that two items from the SD Infringing Pillow Line, namely an infringing copy of the King of the Chesapeake Pillow ("Infringing Crab Pillow") and the Jellyfish Pillow ("Infringing Jellyfish Pillow") were being sold via at least five websites, including on www.ebay.com, www.rakuten.com, www.salesspider.com, www.amazon.com and www.marybdecorativeart.com.

60.     The Infringing Jellyfish Pillow is overwhelmingly and strikingly similar to Rightside's "Jellyfish" Pillow. A side-by-side comparison of Rightside's Jellyfish Pillow and the Infringing Jellyfish Pillow is attached as **Exhibit O**. This comparison demonstrates that Rightside's Jellyfish Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Jellyfish Pillow.

61.     Season's Design's infringing three fish Pillow ("Infringing Three Fish Pillow") is overwhelmingly and strikingly similar to Rightside's Three Little Fish Pillow. A side-by-side comparison of Rightside's Three Little Fish Pillow and the Infringing Three Fish Pillow is attached as **Exhibit P**. This comparison demonstrates that Rightside's Three Little Fish Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Three Fish Pillow.

62.     Season's Design's blue crab in seagrass Pillow ("Infringing Crab/Seagrass Pillow") is overwhelmingly and strikingly similar to Rightside's Blue Crab Embroidered and Beaded Pillow with Seagrass Pillow. A side-by-side comparison of Rightside's Blue Crab Embroidered and Beaded Pillow with Seagrass Pillow and the Infringing Crab/Seagrass Pillow is attached as **Exhibit Q**. This comparison demonstrates that Rightside's Blue Crab Embroidered and Beaded Pillow with Seagrass Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Crab/Seagrass Pillow.

63.     Season's Design's starfish Pillow ("Infringing Starfish Pillow") is overwhelmingly and strikingly similar to Rightside's Starfish Pillow. A side-by-side comparison of Rightside's Starfish Pillow and the Infringing Starfish Pillow is attached as **Exhibit R**. This comparison demonstrates that Rightside's Starfish Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Starfish Pillow.

64. Season's Design's fish Pillow ("Infringing Fish Pillow") is overwhelmingly and strikingly similar to Rightside's left-facing Sea-ing Eye to Eye Embroidered Fish Pillow. A side-by-side comparison of Rightside's left-facing Sea-ing Eye to Eye Embroidered Fish Pillow and the Infringing Fish Pillow is attached as **Exhibit S**. This comparison demonstrates that Rightside's left-facing Sea-ing Eye to Eye Embroidered Fish Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Fish Pillow.

65. Season's Design's lobster pillow ("Infringing Lobster Pillow") is overwhelmingly and strikingly similar to Rightside's Lobster is King Pillow. A side-by-side comparison of Rightside's Lobster is King Pillow and the Infringing Lobster Pillow is attached as **Exhibit T**. This comparison demonstrates that Rightside's Lobster is King Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Lobster Pillow.

66. Season's Design's turtle pillow ("Infringing Turtle Pillow") is overwhelmingly and strikingly similar to Rightside's Turtle of the Sea Pillow. A side-by-side comparison of Rightside's Turtle of the Sea Pillow and the Infringing Turtle Pillow is attached as **Exhibit U**. This comparison demonstrates that Rightside's Turtle of the Sea Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Turtle Pillow.

67. Season's Design's heron pillow ("Infringing Heron Pillow") is overwhelmingly and strikingly similar to Rightside's Great Blue Heron Pillow. A side-by-side comparison of Rightside's Great Blue Heron Pillow and the Infringing Heron Pillow is attached as **Exhibit V**. This comparison demonstrates that Rightside's Great Blue Heron Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Heron Pillow.

68. Season's Design's three-dimensional crab pillow ("Infringing 3D Crab Pillow") is overwhelmingly and strikingly similar to Rightside's King of the Chesapeake Pillow. A side-by-

12

side comparison of Rightside's King of the Chesapeake Pillow and the Infringing 3D Crab Pillow is attached as **Exhibit W**. This comparison demonstrates that Rightside's King of the Chesapeake Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing 3D Crab Pillow.

69. Season's Design's blue crab with bubbles ("Infringing Bubble Crab Pillow") is overwhelmingly and strikingly similar to Rightside's Pinch Me Crab Pillow. A side-by-side comparison of Rightside's Pinch Me Crab Pillow and the Infringing Bubble Crab Pillow is attached as **Exhibit X**. This comparison demonstrates that Rightside's Pinch Me Crab Pillow was subject to reverse engineering in order to unlawfully create Season's Design's Infringing Bubble Crab Pillow.

70. On information and belief, Defendants Season's Designs and Garry Davis placed an order for the products comprising the Rightside Coastal Pillow Line with the calculated and deliberate intent to copy Rightside's designs and have infringing products manufactured for sale and distribution.

71. Season's Design's and Garry Davis' intent to copy the Rightside Coastal Pillow Line is demonstrated by the striking similarity of the original products and the infringing products.

72. Season's Designs and Garry Davis' intent to reverse engineer the Rightside Coastal Pillow Line products is demonstrated by the fact that Garry Davis purchased only two of each pillow design from the Rightside Coastal Pillow Line, with the intent to send one of each pillow to their factory for reverse engineering, and to retain the other, corresponding pillow to compare against the manufactured samples created by the factory.

73.    Upon information and belief, Season's Designs, through its principal, Garry Davis, made a business decision to copy the Rightside Coastal Pillow Line in violation of Rightside's copyrights, with full knowledge of Rightside's copyrights and without Rightside's authorization.

74.    Despite Rightside's notification to Season's Designs and Garry Davis of its rights in and to the Rightside Coastal Pillow Line via Rightside's attorney's February 10, 2012 cease and desist letter, Season's Designs and Garry Davis knowingly continued the willful infringement of the Rightside Coastal Pillow Line in violation of Rightside's copyrights in and to the Rightside Coastal Pillow Line.

75.    Season's Designs dissemination of the SD Infringing Pillow Line via its website and at various trade shows has resulted in significant degradation of the very unique Rightside Coastal Pillow Line, as well as incalculable damage to Rightside.

76.    Rightside's customers have been and will continue to believe that Rightside has licensed the Rightside Coastal Pillow Line to Season's Designs, and that Rightside has authorized Season's Designs to make a cheaper, inferior product from the Rightside Coastal Pillow Line.

77.    Season's Design's SD Infringing Pillow Line undermines Rightside's ability and its retailers' ability to sell the original Rightside Coastal Pillow Line as a small, exclusive, handmade line of home accent products.

## COUNT ONE
## WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VAu 1-012-053 (17 U.S.C. § 101 *et. seq.*)

78.    Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-77 above, as though fully set forth herein.

14

79.     This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

80.     Upon information and belief, Defendants' creation of the Infringing Jellyfish Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

81.     Defendants' marketing, promotion and sale of the Infringing Jellyfish Pillow were done without Plaintiffs' authorization and/or consent.

82.     Defendants' marketing, promotion and sale of the Infringing Jellyfish Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

83.     Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

84.     Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

85.     As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts.  Plaintiffs therefore have no adequate remedy at law.

86.     Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the prosecution of this action for copyright infringement.  The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

## COUNT TWO
## WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION
## NO. VA 1-010-516 (17 U.S.C. § 101 *et. seq.*)

87. Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-86 above, as though fully set forth herein.

88. This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

89. Upon information and belief, Defendants' creation of the Infringing Three Fish Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

90. Defendants' marketing, promotion and sale of the Infringing Three Fish Pillow were done without Plaintiffs' authorization and/or consent.

91. Defendants' marketing, promotion and sale of the Infringing Three Fish Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

92. Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

93. Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

94. As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts. Plaintiffs therefore have no adequate remedy at law.

95. Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the

prosecution of this action for copyright infringement. The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

**COUNT THREE**
**WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION**
**NO. VA 1-804-192 (17 U.S.C. § 101 *et. seq.*)**

96.     Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-95 above, as though fully set forth herein.

97.     This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

98.     Upon information and belief, Defendants' creation of the Infringing Crab/Seagrass Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

99.     Defendants' marketing, promotion and sale of the Infringing Crab/Seagrass Pillow were done without Plaintiffs' authorization and/or consent.

100.    Defendants' marketing, promotion and sale of the Infringing Crab/Seagrass Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

101.    Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

102.    Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

103.    As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts. Plaintiffs therefore have no adequate remedy at law.

17

104. Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the prosecution of this action for copyright infringement. The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

**COUNT FOUR**
**WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION**
**NO. VA 1-804-111 (17 U.S.C. § 101 _et. seq._)**

105. Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-104 above, as though fully set forth herein.

106. This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 _et. seq._

107. Upon information and belief, Defendants' creation of the Infringing Starfish Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

108. Defendants' marketing, promotion and sale of the Infringing Starfish Pillow were done without Plaintiffs' authorization and/or consent.

109. Defendants' marketing, promotion and sale of the Infringing Starfish Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

110. Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

111. Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

112.   As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts. Plaintiffs therefore have no adequate remedy at law.

113.   Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the prosecution of this action for copyright infringement. The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

## COUNT FIVE
## WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 1-804-114 (17 U.S.C. § 101 *et. seq.*)

114.   Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-113 above, as though fully set forth herein.

115.   This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

116.   Upon information and belief, Defendants' creation of the Infringing Fish Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

117.   Defendants' marketing, promotion and sale of the Infringing Fish Pillow were done without Plaintiffs' authorization and/or consent.

118.   Defendants' marketing, promotion and sale of the Infringing Fish Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

119.   Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

19

120. Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

121. As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts. Plaintiffs therefore have no adequate remedy at law.

122. Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the prosecution of this action for copyright infringement. The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

## COUNT SIX
## WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 1-750-774 (17 U.S.C. § 101 *et. seq.*)

123. Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-122 above, as though fully set forth herein.

124. This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

125. Upon information and belief, Defendants' creation of the Infringing Lobster Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

126. Defendants' marketing, promotion and sale of the Infringing Lobster Pillow were done without Plaintiffs' authorization and/or consent.

127. Defendants' marketing, promotion and sale of the Infringing Lobster Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

128.    Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

129.    Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

130.    As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts.  Plaintiffs therefore have no adequate remedy at law.

131.    Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the prosecution of this action for copyright infringement.  The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

### COUNT SEVEN
### WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 1-728-503 (17 U.S.C. § 101 *et. seq.*)

132.    Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-131 above, as though fully set forth herein.

133.    This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

134.    Upon information and belief, Defendants' creation of the Infringing Turtle Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

135.    Defendants' marketing, promotion and sale of the Infringing Turtle Pillow were done without Plaintiffs' authorization and/or consent.

21

136.   Defendants' marketing, promotion and sale of the Infringing Turtle Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

137.   Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

138.   Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

139.   As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts.  Plaintiffs therefore have no adequate remedy at law.

140.   Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the prosecution of this action for copyright infringement.  The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

## COUNT EIGHT
## WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 1-750-952 (17 U.S.C. § 101 *et. seq.*)

141.   Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-140 above, as though fully set forth herein.

142.   This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

143.   Upon information and belief, Defendants' creation of the Infringing Heron Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

22

144.    Defendants' marketing, promotion and sale of the Infringing Heron Pillow were done without Plaintiffs' authorization and/or consent.

145.    Defendants' marketing, promotion and sale of the Infringing Heron Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

146.    Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

147.    Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

148.    As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts. Plaintiffs therefore have no adequate remedy at law.

149.    Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the prosecution of this action for copyright infringement. The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

### COUNT NINE
### WILLFUL COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION NO. VA 1- 750-799 (17 U.S.C. § 101 *et. seq.*)

150.    Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-149 above, as though fully set forth herein.

151.    This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

23

152.    Upon information and belief, Defendants' creation of the Infringing 3D Crab Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

153.    Defendants' marketing, promotion and sale of the Infringing 3D Crab Pillow were done without Plaintiffs' authorization and/or consent.

154.    Defendants' marketing, promotion and sale of the Infringing 3D Crab Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

155.    Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

156.    Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

157.    As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts. Plaintiffs therefore have no adequate remedy at law.

158.    Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the prosecution of this action for copyright infringement. The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

159.    Plaintiffs repeat, reallege and incorporate the allegations set forth in paragraphs 1-158 above, as though fully set forth herein.

160.    This cause of action arises under U.S. Copyright Laws, 17 U.S.C. § 101 *et. seq.*

161.    Upon information and belief, Defendants' creation of the Infringing Bubble Crab Pillow was intentional, done with full knowledge of Plaintiffs' rights, and in an effort to impermissibly copy Plaintiffs' design.

162.    Defendants' marketing, promotion and sale of the Infringing Bubble Crab Pillow were done without Plaintiffs' authorization and/or consent.

163.    Defendants' marketing, promotion and sale of the Infringing Bubble Crab Pillow unfairly capitalizes on Plaintiffs' invaluable goodwill.

164.    Defendants' actions have damaged and are likely to continue to damage the reputation and substantial goodwill of Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan.

165.    Upon information and belief, by its willful and misleading conduct, Defendants have made and will continue to make substantial profits and gains to which they are not, in law or in equity, entitled.

166.    As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiffs have been, and continue to be, irreparably injured and monetarily damaged by Defendants' acts. Plaintiffs therefore have no adequate remedy at law.

167.    Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan have incurred and will continue to incur attorneys' fees, costs and expenses in the

25

prosecution of this action for copyright infringement. The circumstances of this dispute warrant Plaintiffs' recovery of attorneys' fees and full costs in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

1.  Finding that:

    a.  Defendants have violated, are violating and intend to continue to violate U.S. Copyright Laws (17 U.S.C. §101 *et. seq.*).

    b.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VAu 1-012-053;

    c.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-010-516;

    d.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-804-192;

    e.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-804-111;

    f.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-804-114;

    g.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-750-774;

    h.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-728-503;

    i.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-750-952;

    j.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-750-799;

    k.  Defendants have infringed Plaintiffs' U.S. Copyright Registration No. VA 1-804-112;

2.	That Defendants and all those acting in concert or participation with them (including, but not limited to, their officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties) be temporarily, preliminarily and then permanently enjoined and restrained from:

    a.	using Plaintiffs' designs from the Rightside Coastal Pillow Line and/or other of Plaintiffs' intellectual property;

    b.	manufacturing, distributing, shipping, advertising, promoting, marketing, selling or otherwise offering for sale the SD Infringing Pillow Line or any other products that are confusingly or strikingly similar to that of the Rightside Coastal Pillow Line (collectively the "Enjoined Items");

    c.	engaging in any activity which constitutes misappropriation of Plaintiffs' intellectual property;

    d.	engaging in any activity that will cause detriment, harm or damage to Plaintiffs' intellectual property.

3.	Requiring that Defendants:

    a.	cancel all outstanding orders for the Enjoined Items, including, but not limited to, any and all backorders;

    b.	notify any and all customers and/or retailers that the Enjoined Items should not continue to be sold;

    c.	issue a recall of all Enjoined Items which have shipped or sold to Defendants' customers and/or retailers;

    d.	destroy any and all inventory of the Enjoined Items left in their possession at the time of this Court's order;

    e.	destroy any and all electronically or physically stored images, sketches, drawings, outlines of Plaintiffs' intellectual property, as well as all other materials used to create the infringements on the Enjoined Items;

    f.	provide Plaintiffs with information as to the identification of retailers, distributors and third party merchants who have been selling the Enjoined Items;

g. identify, in addition to the SD Infringing Pillow Line all products Defendants' or Defendants' agents manufacture, distribute, ship, advertise, promote, market, sell or otherwise offer for sale that are confusingly or strikingly similar to the intellectual property of Rightside Investments, LLC d/b/a Rightside Design and/or Lynn McKernan.

4. Requiring Defendant to pay:

a. statutory damages pursuant to 17 U.S.C. § 504(c)(1) for ten counts of copyright infringement;

b. statutory damages pursuant to 17 U.S.C. § 504(c)(2) for ten counts of willful copyright infringement;

c. actual damages pursuant to 17 U.S.C. § 504(b);

d. Plaintiffs' full attorneys' fees and costs pursuant to 17 U.S.C. § 505;

e. pre- and post-judgment interest; and

f. such other and further relief to which Plaintiffs may show themselves justly entitled and/or as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiffs Rightside Investments, LLC d/b/a Rightside Design and Lynn McKernan hereby request a trial by jury as to all issues so triable.

Respectfully submitted,

s/Marjorie C. Redding
Marjorie Redding (NC Bar No. 24165)
TisonRedding PLLC
201 South Tryon Street, Suite 915
Charlotte, NC 28202
Telephone: (704) 200-2056
Facsimile: (704) 973-9391
*mredding@tisonreddinglaw.com*

**ATTORNEYS FOR PLAINTIFFS RIGHTSIDE INVESTMENTS, LLC d/b/a RIGHTSIDE DESIGN and LYNN MCKERNAN**

28